# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

---

BRET KOERTGE and JAY FENSTER,
On Behalf of Themselves and All Others Similarly Situated,

    Plaintiffs,

vs.

LG ELECTRONICS USA, INC.,

    Defendant.

---

Civil Action No. 2:12-cv-06204-JLL-MAH

Honorable Jose L. Linares

[REDACTED] ORDER: (1) GRANTING FINAL SETTLEMENT APPROVAL; AND (2) ENTERING FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for: (1) Final Approval of Proposed Settlement; and (2) Entry of Final Judgment and Order of Dismissal with Prejudice (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over this Action; pursuant to 28 USC 1332(d);

WHEREAS, on September 3, 2013, this Court granted preliminary approval of the Settlement (the "Preliminary Approval Order");

WHEREAS, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

WHEREAS, the Court has held a hearing on December 2, 2013 to consider the fairness, reasonableness and adequacy of the Settlement and to consider any objections to the Settlement;

WHEREAS, the Court has considered the Motion, Settlement Agreement and the exhibits thereto and any objections to the proposed Settlement; and

WHEREAS, the Court is otherwise fully advised in the premises and has considered the record of these proceedings, the representations, arguments, and recommendation of counsel for the Parties, and the requirements of law.

**IT IS HEREBY ORDERED THAT:**

### I.   FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

The terms of the Settlement are approved. The Settlement is in all respects fair, reasonable, adequate and proper, and in the best interest of the Class. In

reaching this conclusion, the Court has considered a number of factors, including: an assessment of the likelihood that Plaintiffs would prevail at trial; the range of possible recovery available to such Plaintiffs; the consideration provided to Settlement Class Members pursuant to the Settlement as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity, expense and possible duration of such litigation in the absence of a settlement; the nature and extent of any objections to the Settlement; and the stage of proceedings at which the Settlement was reached. The proposed Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations, including, with respect to attorneys' fees and costs, through mediation overseen by an experienced mediator. The proposed Settlement is not the result of collusion. The proposed Settlement was entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Settlement Class. Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

## II. CLASS CERTIFICATION FOR SETTLEMENT PURPOSES

### A. CERTIFICATION OF SETTLEMENT CLASS

Consistent with its Preliminary Approval Order, the Court hereby grants class certification of the following Settlement Class for purposes of final approval:

> All persons in the United States who have purchased, not for resale, the LHB975 Network Blue-ray Disc™ Home Theater System

3

("Home Theater System(s)") sold by Defendant.

Excluded from the Settlement Class are: (a) persons who purchased a Home Theater System for resale; (b) persons who validly and timely excluded themselves from the Settlement Class; (c) persons who have settled with and released Defendant from individual claims that are substantially similar to those alleged in this Litigation or persons who have had adjudicated claims substantially similar to those alleged in this Litigation; (d) any officer, director, or employee of Defendant or its subsidiaries and affiliates; (e) persons who have suffered personal injury as a result of the defects alleged; and (f) the Honorable Jose L. Linares.

### B.   Rule 23(a)

With respect to the proposed Settlement Class as set forth in the Settlement Agreement, this Court has determined that, for purposes of settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) prerequisites:

1. The Class Members are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

2. There are questions of law or fact common to the Settlement Class. Fed. R. Civ. P. 23(a)(2). Common questions of law or fact include: (1) whether the Home Theater System was subject to a common design defect; (2) whether LG USA failed to adequately disclose material facts; (3) whether LG USA's conduct was unlawful; and (4) how any resulting monetary damages to consumers should be calculated.

3. The claims of the Class Representatives are typical of the claims of the Settlement Class Members. Fed. R. Civ. P. 23(a)(3). Here, Plaintiffs have

4

alleged that LG USA sold defective Home Theater Systems and failed to disclose or to adequately disclose material facts to members of the Settlement Class. Plaintiffs assert that there was sufficient uniform treatment by Defendant so that each Class Representative and Settlement Class Member presents (i) the same claim concerning (ii) the same conduct and (iii) seeks the same relief from Defendant. The ability of the Parties to achieve a Settlement on terms applicable to the entire Settlement Class underscores the finding of typicality.

4. Class Representatives will fairly and adequately protect the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Class Representatives do not have interests that are antagonistic to the Class and are fully aligned with the interests of other Class Members. Accordingly, the Court finds that Class Representatives have satisfied Rule 23(a) for purposes of evaluating this Settlement.

### C. Rule 23(b)(3)

With respect to the Settlement as contained in the Settlement Agreement, the Court also "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, Settlement Class Members share a common legal grievance arising from LG USA's alleged failure

to disclose or adequately disclose material facts related to the Home Theater Systems to any of the Class Members. Common legal and factual questions are central to all Class Members' claims and predominate over any individual questions that may exist for purposes of this Settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predomination of common legal and factual questions for purposes of this Settlement. In concluding that the Settlement Class should be certified pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class action is superior for purposes of resolving these claims because individual Class Members have not shown any interest in individually controlling the prosecution of separate actions. Moreover, the cost of litigation far outpaces the individual recovery available to any Plaintiffs. *See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this Settlement, Rule 23(b)(3) has also been satisfied.

### III. NOTICE

The Court finds that the Notice Program (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action and their right to object to the proposed Settlement or opt out of the Settlement Class; and (iv) was reasonable and constituted due, adequate

and sufficient notice to all those entitled to receive notice. Additionally, the Class Notice adequately informed Class Members of their rights in the Action. *See* Fed. R. Civ. P. 23(c)(2); Declaration of Tore Hodne [CM/ECF No. 55].

### IV.   DISMISSAL WITH PREJUDICE

This Court hereby enters a judgment of dismissal, pursuant to Fed. R. Civ. P. 54(b), of the claims by the Settlement Class Members, with prejudice and without costs, except as specified herein, and except as may be provided for in the Court's Order related to Plaintiffs' Motion for Attorneys' Fees, Expenses and Incentive Awards. The Clerk of Court is directed to close this docket.

### V.   RELEASES AND FURTHER RELIEF

Pursuant to the Settlement Agreement, Defendant is released from claims asserted in this Litigation as set forth in Section 1.21 of the Settlement Agreement.

### VI.   CONTINUING JURISDICTION

Without any way affecting the finality of this Order, the Court hereby retains jurisdiction over the Parties to the Settlement Agreement, including all Settlement Class Members, and Class Counsel to construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties. The Court shall also retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release. The Court expressly retains jurisdiction in order to enter such further Orders as may be

necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, Orders enjoining Class Members from prosecuting claims that are released pursuant to the Settlement Agreement. Consistent with the Settlement Agreement, it is further Ordered that Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against Defendant in any federal or state court in the United States or any other tribunal.

**IT IS SO ORDERED:**

DATED: 12/2/13

Hon. Jose L. Linares
United States District Court Judge